```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :           87-CR-132 (VSB)
              v.                                       :
                                                       :           OPINION & ORDER
MARK REITER,                                           :
                                                       :
                           Defendant.                  :
                                                       :
-------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Before me is the letter motion of Mark Reiter ("Defendant" or "Reiter") for reduction of his sentence and release from prison pursuant to 18 U.S.C. § 3582 (c)(1)(A), because he has exhausted his administrative remedies and his "heightened vulnerability to contracting and perishing from the virus". (Reiter Comp. Rel. Ltr. 1.)[1]  Because Reiter has not provided proof that he has exhausted his administrative remedies or that he is at increased risk of serious illness or death should he contract COVID-19, Defendant's motion for compassionate release is denied without prejudice.

### I. Background and Procedural History

Background relating to Defendant's trial, conviction, sentencing, appeal, and habeas petitions can be found in my Memorandum & Order denying his motion under former Federal Rule of Criminal Procedure 35(a) to correct his allegedly illegal sentence filed on January 9, 2018. (Doc. 450.)  Therefore, I only include the facts and procedural history necessary for this Opinion & Order.

---

[1] "Reiter Comp. Rel. Ltr." refers to the letter motion filed by Mark Reiter seeking compassionate release dated May 18, 2020.  (Doc. 253.)

Trial against Reiter and four of his co-defendants began on May 2, 1988. *Reiter v. United States*, 371 F. Supp. 2d 417, 419 (S.D.N.Y. 2005). During trial the Government called 60 witnesses and offered over 450 exhibits. *Id*. at 437. On August 25, 1988, the jury convicted Reiter and his co-defendants on all counts. *Id*. at 420.

On October 24, 1988, Judge Richard Owen sentenced Reiter to two life terms of imprisonment, plus sixty years. *See Reiter*, 371 F. Supp. 2d at 419–20. Reiter's sentence was calculated as follows: 20 years for the racketeering and racketeering conspiracy convictions (Counts 1 and 2), to run concurrently with one another; concurrent life sentences for operating a continuing criminal enterprise (Count 3), and distributing and possessing with intent to distribute more than 100 grams or more of a mixture and substance containing a detectable amount of heroin (Count 5); 30 years for distributing and possessing with intent to distribute heroin (Count 6), 5 years for using a telephone to commit a felony (Count 7), and 5 years for conspiring to evade income tax (Count 13), to run consecutively. With respect to Count 5—distributing and possessing with intent to distribute more than 100 grams of heroin—Judge Owen noted that he was sentencing Reiter for a "substantial amount of heroin." (Sentencing Tr. at 52–53.)[2] ("On Count 5, I am sentencing you, and this is distribution of a substantial amount of heroin, there to life imprisonment without parole . . . .").) Reiter, who is 72 years old, is currently incarcerated at the Allenwood Low Security Federal Correctional Institution ("FCI Allenwood Low") in Allenwood, Pennsylvania.[3]

---

[2] "Sentencing Tr." refers to the October 24, 1988 Sentencing Hearing Transcript. (Doc. 439-1.)

[3] The Federal Correctional Complex, Allenwood ("FCC Allenwood") consists of FCI Allenwood Low, FCI Allenwood Medium and United States Penitentiary Allenwood. Our Locations, Federal Bureau of Prisons (last visited 7/13/20), https://www.bop.gov/locations/list.jsp.

## II.     Discussion

By letter dated May 28, 2020, Reiter seeks early release pursuant to 18 U.S.C. § 3582 (c)(1)(A), because he allegedly has exhausted his administrative remedies and his "heightened vulnerability to contracting and perishing from the virus". (Reiter Comp. Rel. Ltr. 1.)[4]  As detailed below, because Defendant's letter on its face does not contain sufficient evidence supporting the legal and factual theories for his motion I have not requested the Government to respond and I deny Defendant's motion for compassionate release.

### A.     *Applicable Law*

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  Section 3582(c)(1)(A)(i), the compassionate release statute, provides one such exception.  The compassionate release statute permits a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[5]  18 U.S.C. § 3582(c)(1)(A).  The moving party bears the burden of proving that extraordinary and compelling reasons exist. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal

---

[4] "Reiter Comp. Rel. Ltr." refers to Defendant's letter motion for compassionate release.  (Doc. 453.)

[5] The relevant Sentencing Commission policy statement is found in U.S.S.G. § 1B1.13, although I note that the Sentencing Guidelines have not yet been revised to take into account the First Step Act. *See United States v. Russo*, No. 16-CR-441 (LJL), 2020 WL 1862294, *2 (S.D.N.Y. Apr. 3, 2020).  The relevant section provides that a court may reduce the term of imprisonment if (1) "extraordinary and compelling reasons warrant the reduction," *id*. § 1B1.13(1)(A); (2) "the Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," *id*. § 1B1.13(2); and (3) "the reduction is consistent with this policy statement," *id*. § 1B1.13(3).  The Application Notes describe the circumstances under which "extraordinary and compelling reasons exist." *Id*. § 1B1.13 Application Note 1.

and presumptive access to proof on a given issue normally has the burden of proof as to that issue.")); *see also United States v. Clarke*, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("[I]f the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (quoting *Butler*, 970 F.2d at 1026)); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

Until recently, a court could not order compassionate release unless the BOP requested such relief on a prisoner's behalf by filing a motion. *See* U.S.S.G. § 1B1.13 (stating, among other things that "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)"); *see also Gotti*, 433 F. Supp. 3d at 614 ("Until last December, a court could not modify a defendant's duly-imposed sentence on compassionate release grounds unless it received a motion from the Bureau of Prisons asking that the court consider such modification.")  However, in December 2018, Congress passed the First Step Act, which did away with BOP's unilateral ability to deny a prisoner compassionate release but did not remove the BOP from the process entirely. *See id.*  The statute is clear that a court may only grant compassionate release "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes.  First, it protects administrative agency authority by

4

guaranteeing agencies the "opportunity to correct [their] own mistakes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, it promotes efficiency, since claims "generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id*.

"The provenance of an administrative exhaustion requirement determines its scope." *United States v. Monzon*, No. 99cr157 (DLC), 2020 WL 550220, at *1 (S.D.N.Y. Feb. 4, 2020). There are two types of exhaustion requirements: jurisdictional requirements and non-jurisdictional requirements. Jurisdictional exhaustion requirements "govern a court's adjudicatory authority" and are not subject to any exceptions. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (internal quotation marks omitted). Non-jurisdictional requirements, also referred to as "claim-processing rules," can be "forfeited if the party asserting the rule waits too long to raise the point." *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004). The Second Circuit has not yet squarely answered the question of whether the exhaustion requirement of § 3582(c) is jurisdictional.[6] *See Monzon*, 2020 WL 550220, at *2.

### B. Application

#### 1. Exhaustion

Here, Defendant has not submitted any proof that he has exhausted his administrative

---

[6] Other courts of appeal are split on the question of whether section 3582(c) as a whole is jurisdictional or non-jurisdictional. *Compare United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (considering section 3582(c) a jurisdictional rule), *United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012), *United States v. Williams*, 607 F.3d 1123, 1125–26 (6th Cir. 2010), *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010), *and United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993), *with United States v. May*, 855 F.3d 271, 274–75 (4th Cir. 2017) (considering section 3582(c) a claim-processing rule), *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1245 (11th Cir. 2017), *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015), *and United States v. Weatherspoon*, 696 F.3d 416, 421 (3d Cir. 2012). And while the Second Circuit has not weighed in on whether the exhaustion requirement of section 3582(c)(1)(A) is jurisdictional, it has, "in a related context . . . firmly disagreed with the characterization by certain other circuits that § 3582(c)(2) is jurisdictional." *United States v. Haney*, No. 19-cr-541 (JSR), 2020 WL 1821988, at *2 (S.D.N.Y. Apr. 13, 2020) (citing *United States v. Johnson*, 732 F.3d 109, 116 n.11 (2d Cir. 2013)).

5

remedies. He claims that the "Warden declined his request to Bureau of Prisons policy rendering Defendant ineligible for the relief he seeks." (Reiter Comp. Rel. Ltr. 2.) However, Defendant does not (1) provide a copy of his request to BOP, (2) state the date on which he made the request to BOP, (3) provide evidence that the Warden received such a request, or (4) provide a copy of the Warden's response. Therefore, I find that Defendant has not met his burden to demonstrate that he exhausted his administrative remedies. *See Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020).

### 2. Extraordinary and Compelling Circumstances

The Defendant requests that I "modify [his] term of imprisonment by reducing it to 'time-served,' and directing his immediate release. Thereafter, [he] will self-quarantine at his residence for at least 14-days, and adhere to any other restrictions or conditions that [I] [] deem[] appropriate." (Reiter Comp. Rel. Ltr. 2.) For the reasons that follow, on the current record I do not find that Defendant has met his burden of establishing that there exist extraordinary and compelling reasons to reduce his sentence and grant his release. Specifically, although Defendant is of an age that might place him at increased risk of serious illness or death should he contract COVID-19, he has not provided any evidence that he suffers from health conditions that place him in the category of inmates at a higher risk. He has also not cited any case law where a defendant sentenced to life has been granted compassionate release due to that defendant's increased risk of serious illness or death from COVID-19.

Defendant characterizes the conditions of his confinement as insufficient to protect him, concluding that "[a]lthough Bureau of Prison officials certainly intended for the 'stay in place' initiative to minimize the likelihood of spreading the virus, and thus their goal to protect prisoners, the opposite is certain to prove to be the case." (*Id.*) This conclusory statement is

6

nothing more than speculation.  Defendant does not provide any support that the steps taken by FCI Allenwood Low[7] have been unsuccessful or provide information concerning where he intends to live or evidence that he would be less likely to contract the virus once he is released.  I find that this failure to provide supporting evidence alone dooms Defendant's motion.

Further, I note that as of July 13, 2020, FCI Allenwood Low does not have a single reported case of COVID-19 among its inmates or staff.  *COVID-19 Cases*, Federal Bureau of Prisons (last visited July 13, 2020), https://www.bop.gov/coronavirus/.[8]  The fact that FCI Allenwood Low does not currently have a single reported case of COVID-19 belies Defendant's assertion that the facilities efforts to mitigate the spread of COVID-19 have been or will be ineffective.

Reiter does not provide any information concerning where he intends to live if he is released from incarceration.  Defendant's claim that he is at risk essentially assumes that the living circumstances into which he proposes to be released would present less of a risk.  Defendant has not provided any facts that would enable me to make this assessment.  Therefore, I find that Defendant has failed to meet his burden of establishing that there exist extraordinary and compelling reasons to reduce his sentence and grant his release.

Further, granting Reiter's compassionate release would require me to reduce his sentence

---

[7] At FCI Allenwood Low "[a]ll visiting at th[e] facility has been suspended until further notice." (*Id.*)  The limitation on social visits is just one part of the transmission mitigation measures implemented by the BOP to prevent the spread of the virus.  *See BOP Implementing Modified Operations*, Fed. Bureau of Prisons (last accessed May 4, 2020) https://www.bop.gov/coronavirus/covid19_status.jsp.

[8] FCI Allenwood Low is not specifically listed by BOP, but the statistics for FCI Allenwood Medium and USP Allenwood are listed as having no confirmed cases and only one staff member who is recovering.  According to BOP, "[d]ue to the rapidly evolving nature of this public health crisis, the BOP will update the open COVID-19 confirmed positive test numbers, recoveries, and the number of COVID-19 related deaths daily at 3:00 p.m.  The positive test numbers are based on the most recently available confirmed lab results involving open cases from across the agency as reported by the BOP's Office of Occupational Health and Safety at 11:00 a.m. each day. BOP field sites may report additional updates throughout the day. Data is subject to change based on additional reporting."  *COVID-19 Cases*, Federal Bureau of Prisons (last visited July 13, 2020), https://www.bop.gov/coronavirus/.

to time served, necessarily impacting my analysis of the factors set forth in 18 U.S.C. § 3553(a) since it would require reducing Defendant's two life sentences plus sixty years imposed by Judge Owen to time served.  Based upon the facts presented in Defendant's motion, after considering the section 3553(a) factors considered by Judge Owen at Reiter's sentencing, I do not find that the circumstances have materially changed, including due the current COVID-19 health crises, so dramatically so as to warrant a sentence of time served.

### III.  Conclusion

For the reasons stated above, I find that Reiter has not sufficiently established that he has exhausted his administrative remedies nor that there are extraordinary and compelling circumstances justifying the reduction in his sentence and his release from custody; therefore, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

Dated:   July 23, 2020
         New York, New York

_____
Vernon S. Broderick
United States District Judge