UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                   :
UNITED STATES OF AMERICA,                          :
                                                   :            87-CR-132 (VSB)
                  v.                               :
                                                   :          **OPINION & ORDER**
MARK REITER,                                       :
                                                   :
                                    Defendant.     :
                                                   :
----------------------------------------------------------X


VERNON S. BRODERICK, United States District Judge:

        Before me are (1) Defendant Mark Reiter's supplemental memorandum of law in support

of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 490 ("Def.'s

Mem.")); (2) the Government's opposition, (Doc. 491 ("Gov't's Opp.")); and (3) Defendant's

reply, (Doc. 494 ("Def.'s Reply")).  In its opposition, the Government represents:

> [T]he undersigned was contacted by an agent who assisted with the investigation
> of Reiter, who expressed serious concern about the possibility of retribution against
> law enforcement and those who aided law enforcement in the defendant's
> prosecution should the defendant be released.  Such concerns are understandable
> given the defendant's offense conduct, which included ordering multiple murders,
> including the murder of a cooperator.

(Gov't's Opp. 10.)  The Government does not provide any citations to any evidence supporting

the possibility that Defendant would exact or attempt to exact "retribution against law

enforcement and those who aided law enforcement in the defendant's prosecution should the

defendant be released."  Defendant requests that I "schedule a hearing at which that unknown

government law enforcement agent can be called to testify" and "an evidentiary hearing at which

the unknown members of law enforcement about whom the government's law enforcement

source expressed concern can be called to testify."  (Def.'s Reply 15 n.12.)  I find that an

evidentiary hearing is premature, and I believe that I would benefit from additional information.

To be clear, I take any possibility of violence against members of law enforcement as a serious issue that should be addressed as part of my consideration of the pending motion. Therefore, if I am being asked to consider this assertion, the Government is directed to file, on or before April 21, 2022, an affidavit from counsel and/or the law enforcement agent, addressing: (1) the agent's identity, (2) the nature of the agent's involvement in Defendant's investigation, (3) the agent's specific concerns about any individuals whom Defendant might harm, and how he might harm them, if Defendant were released, (4) any and all bases for the agent's concerns, and (5) any and all other factual information that would be helpful to the Court in understanding the agent's concerns, including any actions of Defendant during his incarceration that might indicate a desire to harm members of law enforcement should he be released from custody. If the Government declines to provide this additional information, I will consider the Government's general argument about Defendant's risk of recidivism given the nature of his underlying conduct.

SO ORDERED.

Dated:    April 7, 2022
          New York, New York

Vernon S. Broderick
United States District Judge

2