```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :        87-CR-132 (VSB)
                                                            :
                        v.                                  :        OPINION & ORDER
                                                            :
                                                            :
MARK REITER,                                                :
                                                            :
                        Defendant.                          :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Before me is the motion of Mark Reiter ("Defendant" or "Reiter") for reduction of his sentence and release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A). Because Defendant is ineligible for relief under 18 U.S.C. § 3582(c)(1)(A) as his crimes predate the enactment of this statute, and because the Bureau of Prisons ("BOP") has not moved for a sentence reduction on Defendant's behalf pursuant to 18 U.S.C. § 4205(g), I do not have authority to modify Defendant's sentence. Accordingly, Defendant's motion is DENIED.

**I.     Background and Procedural History**[1]

On February 17, 1987, Reiter was indicted for supplying heroin and using violence to further the goals of the "Jackson Organization," a massive racketeering enterprise that sold millions of dollars' worth of heroin in cities across the East Coast from 1981 through 1987. *United States v. Reiter*, 87-CR-132, 1988 WL 31888, at *1 (S.D.N.Y. Mar. 23, 1988), *aff'd*, 848 F.2d 336 (2d Cir. 1988). The twelfth and final superseding indictment, (*see* Doc. 490-8 ("S12

---

[1] Background relating to Defendant's trial, conviction, sentencing, appeal, and habeas petitions can be found in my Memorandum & Order denying his motion under former Federal Rule of Criminal Procedure 35(a) to correct his allegedly illegal sentence filed on January 9, 2018. (Doc. 450.) Therefore, I only include the facts and procedural history necessary for this Opinion & Order.

Indictment")), obtained on February 12, 1988, ultimately charged Reiter and his co-defendants with racketeering, racketeering conspiracy, operating a continuing criminal enterprise, distribution of heroin, using a telephone to facilitate heroin distribution, and conspiring to defraud the Internal Revenue Service.[2]  *See Reiter v. United States*, 371 F. Supp. 2d 417, 419–20 (S.D.N.Y. 2005).

Reiter and four co-defendants went to trial on the charges in the S12 Indictment, and on August 25, 1988, a jury convicted the defendants on all counts and found the Government had proven every predicate act of racketeering.  *Id.*  Specifically, among other things, Reiter was found to have personally ordered three murders as retribution against co-conspirators who had begun to cooperate with the government.  *Id.*  On October 24, 1988, Judge Owen sentenced Reiter to two terms of life imprisonment, plus sixty years' imprisonment.  (*See id.*; *see also* Doc. 490-10 ("Sent'g. Tr.").)  Reiter, now 76 years old, is currently housed in FCI Allenwood Low.  *See Find an Inmate*, BOP.gov, https://www.bop.gov/mobile/find_inmate/index.jsp (last visited Sept. 2024) (BOP Register Number 03271-016).

Over a number of years, Reiter filed several motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  On July 23, 2020, I denied Reiter's first motion, (Doc. 453), without prejudice, finding that Reiter failed to (1) exhaust his administrative remedies, and (2) to present extraordinary and compelling circumstances warranting a reduction of his sentence. (Doc. 454.)  On August 19, 2020, Reiter filed a second motion for compassionate release.  (Doc. 455.)  On April 15, 2021, I issued an Opinion & Order finding that although Reiter had exhausted his administrative remedies, that I would benefit from receiving motion papers

---

[2] The predicate acts related to the racketeering charges included three murders, three murder conspiracies, conspiracy to distribute narcotics, heroin distribution, and using a telephone to facilitate a narcotics violation.  (*See id.*)

2

prepared by an attorney. (Doc. 469.) Therefore, I appointed counsel to represent Reiter on July 16, 2021. (Doc. 484.)

On August 31, 2021, Reiter's counsel filed a third motion for compassionate release, accompanied by 24 exhibits in support, including character references from friends and family, letters of support from prison staff, and other recommendations. (Doc. 490.) The Government filed its opposition to Reiter's motion on September 21, 2021, (Doc. 491),[3] and Reiter filed his reply on September 28, 2021, (Doc. 494). Reiter subsequently filed several letters providing me with additional materials in support of his motion. (Docs. 495, 510–513.)

Since filing his initial motion, in subsequent letters, Reiter cited a range of circumstances which he argues establish the requisite "extraordinary and compelling reasons" for release under 18 U.S.C. § 3582(c)(1)(A). However, beginning on June 18, 2024, Reiter filed under seal a series of supplemental letters urging me to grant his motion solely due to his recent, grave,

---

[3] On April 7, 2022, in response to the Government's statement in its opposition expressing concern about "the possibility of retribution against law enforcement and those who aided law enforcement in the defendant's prosecution should the defendant be released," (Doc. 490 at 10), I issued an Order asking the Government to provide an affidavit expanding on these concerns. (Doc. 496.) On April 21, 2022, the Government filed a letter indicating that the Government had elected not to provide any additional information. (Doc. 497.) On April 22, 2022, Reiter filed a response to the Government's letter. (Doc. 498.) Thereafter, it came to my attention that the Government had considered Reiter an unindicted co-conspirator in a fourth murder, the murder of William Bright on May 24, 1994 in United States Penitentiary Atlanta ("USP Atlanta"). On September 14, 2022, I ordered the Government "to provide any information it has . . . concerning Defendant's involvement in the events alleged in *United States v. Stancell*, 95 Cr. 503 (N.D. Ga. 1996), including the murder of William Bright." (Doc. 499.) On October 19, 2022, the Government confirmed that after a week-long jury trial ending May 28, 1996, a jury had convicted a USP Atlanta inmate named Jack Edward Stancell of murdering Bright. (Doc. 502 at 2.) Another USP Atlanta inmate, Henry Benjamin Masters, was charged with conspiracy and plead guilty to murder in the second degree. (*Id.* at 2 n.2.) At the trial, a USP inmate named Larry Lane Wilson testified that "after the murder of Bright, Stancell asked Wilson to pass messages to Reiter in which Stancell demanded his share of the money from Reiter, Trial Tr. 381-87, 416-18; that Stancell confessed to Wilson that Stancell and Masters had killed Bright to fulfill a contract from Reiter, Trial Tr. 388, 415-16, 418-19; that Stancell told Wilson that the motive for the murder was that Reiter believed Bright had caused the death of Reiter's son, Trial Tr. 395; and that Reiter told Wilson that he had ordered the contract because Bright 'had killed his boy,' Trial Tr. 396." (*Id.* at 2.) The Government also argued at trial that Reiter was an unindicted co-conspirator. (*See id.*) On November 11, 2022, Reiter filed a response, noting, among other things, that Reiter was never charged or disciplined for this alleged conduct, and that on June 30, 1995, Reiter "voluntarily sat for an interview with the FBI (which the FBI memorialized in the FBI-302 . . .) at which he answered questions about Mr. Bright and at which he categorically denied any involvement in Mr. Bright's murder." (Doc. 507 at 3.) On November 14, 2022, Reiter also filed a letter of additional authority. (Doc. 508.) On November 16, 2022, I ordered the Government to provide a copy of Reiter's FBI-302, (Doc. 509), which the Government did ex parte.

3

medical diagnosis.[4] On July 11, 2024, in light of this development, I ordered the Government to inform me whether it continued to oppose the motion. In response, the Government argued—for the first time since Reiter filed his initial motion on May 28, 2020—that Reiter is ineligible for relief under Section 3582(c)(1)(A) because he is incarcerated for criminal conduct that occurred prior to November 1, 1987, the effective date of the Sentencing Reform Act of 1984. Thus, the Government argues that the governing statute is 18 U.S.C. § 4205(g), which does not permit a defendant to move in the district court for compassionate release, but instead only permits the BOP to file such a motion on the defendant's behalf. Thus, the Government claims that I lack authority to modify Reiter's sentence.

## II.   Discussion

### A.   *Applicable Law*

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Prior to passage of the Sentencing Reform Act of 1984 ("SRA"), the only statute under which an individual in custody could bring a motion for compassionate release was 18 U.S.C. § 4205(g). However, a district court's authority to grant such relief was contingent on the BOP's decision to file a motion on the inmate's behalf. 18 U.S.C. § 4205(g) ("At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served.").

When Congress passed the SRA, it "created the substantive standard that we still apply: whether 'extraordinary and compelling reasons' exist for compassionate release." *United States v. Brooker*, 976 F.3d 228, 231 (2d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i) and tracing

---

[4] On August 26, 2024, counsel for Defendant also filed under seal a letter from Mr. Reiter's son.

4

history of statute). However, although Section 4205(g) was repealed as part of the SRA and replaced with 18 U.S.C. § 3582(c)(1)(A), the BOP maintained "exclusive power over all avenues of compassionate release . . . [a] power [used] sparingly, to say the least." *Id.*[5]

When Congress passed the First Step Act of 2018 ("FSA"), it amended the SRA to remove the BOP as the "sole arbiter of compassionate release motions," *id*. at 233, authorizing defendants to file motions under Section 3582(c)(1)(A) directly in the district court.[6] However, Section 3582(c)(1)(A) does not apply to all defendants. An amendment to the SRA established that the SRA's provisions only apply to defendants whose offenses were committed on or after November 1, 1987, the date on which the SRA took effect. *See* Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985) (amending the SRA to provide an effective date of November 1, 1987); Sentencing Act of 1987, Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (1987) (inserting "shall apply only to offenses committed after the taking effect of this chapter" into the text of the SRA).

Consistent with the unanimous view of every other Circuit to have considered the issue,

---

[5] Although the literal language of the statute kept Section 4205(g) in place for five years, *see* SRA § 235(b)(1)(A), Congress has extended this five-year period so many times that it "has since acquired a state of permanent impermanence." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022).

[6] As amended by the First Step Act, Section 3582(c)(1)(A) provides that a:

court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

the Second Circuit has held that defendants whose offenses were committed prior to November 1, 1987 may not obtain relief under the First Step Act's amendments to Section 3582(c)(1)(A). *See United States v. Rivera-Rios*, No. 20-1773, 2022 WL 14206094, at *2 (2d Cir. Oct. 25, 2022) (summary order) (affirming denial of compassionate release motion because defendants whose offenses were committed prior to November 1, 1987 are "categorically ineligible for a sentence reduction under § 3582(c)(1)(A)"); *United States v. Borelli*, No. 21-1506, 2022 WL 6831650, at *1 (2d Cir. Oct. 12, 2022) (summary order) (same); *see also United States v. Jackson*, 991 F.3d 851, 854 (7th Cir. 2021) (holding that § 3582 remains "inapplicable" to defendants whose offenses were committed prior to November 1, 1987); *King*, 24 F.4th at 1228 (citing the Seventh Circuit's analysis in *Jackson* and holding that "inmates who committed crimes before November 1, 1987, cannot move for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), as amended by the FSA"). Numerous district courts in this Circuit, both prior to and after *Rivera-Rios* and *Borelli*, have similarly concluded that Section 3582(c)(1) does not apply to defendants whose offense conduct occurred prior to November 1, 1987. *See, e.g.*, *United States v. Coonan,* No. 87-CR-249, 2024 WL 3567520, at *4 (S.D.N.Y. July 26, 2024) (citing *Rivera-Rios* and *Borelli* and holding that "[b]ecause (1) [defendant's] offense conduct took place prior to November 1, 1987, and (2) BOP has not brought a compassionate release or sentence reduction motion on his behalf, [defendant] is not eligible for relief under 18 U.S.C. § 3582(c)(1)(A)"); *United States v. Shakur*, No. 82-CR-312, 2022 WL 3910581, at *5 (S.D.N.Y. Aug. 31, 2022) ("[T]he statute [defendant] relies upon to authorize this Court to consider his motion for compassionate release does not apply to him, given that his crimes of conviction antedated November 1, 1987."); *United States v. Rios*, No. 70-CR-592, 2020 WL 2522069, at *2 (E.D.N.Y. May 18, 2020) ("[C]ourts have uniformly held that the current compassionate release statute, § 3582, does not apply to

6

individuals whose criminal conduct occurred before November 1, 1987."); *United States v. Rivera*, No. 86-CR-1124, 2020 WL 2094094, at *1 (S.D.N.Y. May 1, 2020) ("[T]he provisions of 18 U.S.C. § 3582(c), which became effective on November 1, 1987, do not apply to [defendant's] term of incarceration, which was imposed for criminal conduct that occurred prior to that date.").

### B. *Application*

In light of the foregoing controlling authority, I find that 18 U.S.C. § 3582(c)(1)(A), the statute on which Reiter relies in bringing this motion, does not apply to him because his offense conduct occurred prior to November 1, 1987. Accordingly, I do not have authority to consider Reiter's motion on the merits, and it therefore must be denied.[7]

Despite this authority, Reiter advances several arguments, each of which I find unavailing. First, Reiter argues that because the Second Circuit's decisions in *Rivera-Rios* and *Borelli* are summary orders, that there is no binding Second Circuit authority holding that Section 3582(c)(1)(A) does not apply to him. As an initial matter, the Circuit's decision to decide "by nonprecedential summary order, rather than by opinion . . . does not mean that the court considers itself free to rule differently in similar cases." *United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010) (internal quotation marks omitted). Moreover, Reiter fails to cite any cases

---

[7] The Government asserts that it does not matter that it failed to make this argument, which it describes as a procedural bar to relief, in previous letters to me. I agree with the Government that because I lack authority to consider Reiter's motion—which is more akin to a jurisdictional, rather than a procedural, bar, *see Shakur*, 2022 WL 3910581, at *5 (S.D.N.Y. Aug. 31, 2022) (noting that whether Section 3582(c)(1)(A) applies to the defendant is "a jurisdictional issue that must be confronted whenever and however it arises")—the Government's failure to recognize and raise this argument earlier does not result in forfeiture of waiver, *see Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022) ("Jurisdictional requirements cannot be waived or forfeited, [and] must be raised by courts sua sponte."). However, I reject the Government's contention that its oversight "does not matter." Reiter, defense counsel, and the Government have spent a number of years litigating this motion on the understanding that Section 3582(c)(1)(A) did apply to Reiter. Indeed, the Government provided certain updates at my request shortly after both *Borelli* and *Rivera-Rios*, cases litigated by the Government before the Second Circuit, were decided. (*See* Docs. 500, 502, 506.) At no point between then and now has the Government endeavored to raise this issue, and it provides no explanation of its failure to do so.

7

after *Rivera-Rios* and *Borelli* holding that Section 3582(c)(1)(A) can apply to offenses committed prior to November 1, 1987.  In addition, in issuing both *Rivera-Rios* and *Borelli*, the Second Circuit necessarily decided that the question as to whether Section 3582(c)(1)(A) applies to defendants whose offenses were committed prior to November 1, 1987 was not subject to reasonable dispute in light of the Court's prior, precedential, per curiam opinion in *United States v. Argitakos*, 862 F.2d 423 (2d Cir. 1988), a case cited in *Rivera-Rios*.  *See Rivera-Rios*, 2022 WL 14206094, at *2 (quoting *Argitakos*'s holding that the SRA, including § 3582(c)(1)(A), "applies only to offenses committed after November 1, 1987").  The question presented in *Argitakos* was "whether [Section 3582] authorizes the reduction of a sentence imposed on a defendant for offenses committed before the pertinent provisions of the SRA took effect." *Argitakos*, 862 F.2d at 424.  There, the Court held that "[s]ince Section 2 of the Sentencing Act of 1987 provides that the SRA 'shall apply only to offenses committed after the taking effect of this chapter,' Section 3582(c)(2) clearly does not apply to defendants' sentences." *Id*. at 425–426.  Therefore, I disagree with Reiter's contention that there is no binding authority holding that he is ineligible for a sentence reduction under Section 3582(c)(1)(A).

Second, Reiter argues that 3582(c)(1), as amended by the First Step Act, contains plain and unambiguous statutory text granting district courts the power to reduce a term of imprisonment "in any case."  However, the Second, Seventh, and Ninth Circuits have already considered and rejected this identical argument.  Endorsing the reasoning of the Seventh Circuit, the Second Circuit in *Rivera-Rios* explained that "the 'in any case' language of § 3582(c)(1) did not extend the section to people who committed crimes prior to November 1, 1987, because that language originated in the [SRA], which until 2018 allowed § 3582(c) motions to be made only by the BOP."  *Rivera-Rios*, 2022 WL 14206094, at *2 (citing *Jackson*, 991 F.3d at 853).

8

Therefore, although the First Step Act amended § 3582(c)(1)(A), it did not modify the "in any case" language, which had been included in § 3582 since its inception, and "did not alter any of the transition rules in the [SRA] that limit the scope of § 3582(c) to inmates who committed crimes on or after November 1, 1987." *Id*; *see also King*, 24 F.4th at 1229–30; *Shakur*, 2022 WL 3910581, at *5.

Third, Reiter cites two cases—*United States v. Fisher*, 493 F. Supp. 3d 231 (S.D.N.Y. 2020) and *United States v. Rice*, No. 83-CR-150-3, 2020 WL 4505813 (S.D.N.Y. Aug. 5, 2020)—where the district court granted motions for compassionate release brought by defendants whose offense conduct occurred prior to November 1, 1987. However, both of these decisions were issued prior to the Second Circuit's decisions in *Rivera-Rios* and *Borelli*.[8] In addition, the government did not raise, and the courts did not otherwise address, the defendant's eligibility for a sentence reduction under Section 3582(c)(1). Therefore, I do not find *Fisher* or *Rice* persuasive authority. Accordingly, because 18 U.S.C. § 3582(c)(1)(A) does not apply to Reiter, and because I do not have authority to consider Reiter's motion for compassionate release on the merits, his motion is DENIED.

However, despite my lack of authority, I urge the BOP Office of General Counsel to consider whether Reiter has presented "extraordinary and compelling" circumstances for compassionate release pursuant to the BOP's Program Statement. *See* Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited Sept. 4,

---

[8] Reiter's reliance on *United States v. Ramirez*, No. 98-CR-438, 2021 WL 4150891 (S.D.N.Y. Sept. 13, 2021) is also misplaced. There, because the defendant's offense conduct occurred after November 1, 1987, there was no question that the court had authority to grant the defendant's Section 3582(c)(1)(A) motion. *Ramirez*, 2021 WL 4150891, at *5.

9

2024). Reiter's July 26, 2024 letter suggests that although the Warden recommended that the BOP file a motion on Reiter's behalf, that the BOP has declined to do so. For the avoidance of doubt, in light of Reiter's dire heath condition and prognosis, something that the Government does not dispute, I urge the BOP to consider—or reconsider—making such a motion on Reiter's behalf pursuant to 18 U.S.C. § 4205(g), even if the BOP initially refused to do so. Even those who have committed serious crimes should be granted the opportunity to die with dignity, surrounded by family and friends, not suffering and living their last days behind prison walls.[9]

### III. Conclusion

For the reasons stated above, because Reiter's offenses were committed prior to November 1, 1987, and because the BOP has not moved for a sentence reduction on his behalf, Reiter is not eligible for relief under 18 U.S.C. § 3582(c)(1)(A) and I do not have authority to modify his sentence. Accordingly, Defendant's motion is DENIED.

This Opinion & Order will be filed under seal. The parties are directed to meet and confer and propose redactions to this Opinion & Order on or before September 23, 2024.

The Government is directed to promptly serve the Warden at FCI Allenwood Low and the BOP Office of General Counsel with a copy of this Opinion & Order. The parties are ordered to file redacted versions of their recent letters on the public docket on or before

---

[9] My request to the BOP is based upon my understanding that Reiter is terminally ill and that the prognosis is that he has less than a year to live, and Reiter's record while in prison documented in his prior compassionate release motions.

September 23, 2024.

    The Clerk of Court is respectfully directed to close all pending motions.

SO ORDERED.

Dated:   September 4, 2024
           New York, New York

                                                           Vernon S. Broderick
                                                           United States District Judge